UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SONJA KINGSLEY

                Plaintiff,

      -against-

BMW OF NORTH AMERICA, LLC; LUDWIG
WILLISCH; NY-SB INC., D/B/A HASSEL
BMW/MINI; ANTHONY PRESTA,

                Defendants.
--------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-720 (ENV)

**VITALIANO, D.J.,**

      Plaintiff Sonja Kingsley filed this *pro se* action on February 1, 2013, in relation to her 2004 Mini Cooper automobile.[1] Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $350 within 14 days of the entry of this Order on the docket in order to proceed with this action.

A. *In Forma Pauperis*

      The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

---

[1] On June 8, 2012, plaintiff filed a nearly identical action which was dismissed on August 22, 2012 for lack of subject matter jurisdiction, without prejudice to plaintiff pursuing her claims in a state court of competent jurisdiction. See Kingley v. BMW of North America, 12-cv-3097 (ENV).

The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that plaintiff has submitted ("Decl.") does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff states that she is employed by the New York City Police Department and earns $1063 bi-weekly in take-home pay. Decl. ¶ 2. For expenses, plaintiff alleges that she pays $911 per month for rent, $264 per month on a student loan and $300 a month for car payments. Id. ¶6. Plaintiff further states that she owes the United States Department of Education $38,000 in student loan debt, owes Auto Factors Inc. $3400 for the automobile that is the subject of this complaint and supports her daughter. Id. ¶¶ 7, 8. Plaintiff has $689 in a checking account. Id. ¶ 4. It amply appears, therefore, that she has sufficient resources to pay the $350 filing fee to commence this action. Consequently, her request to proceed IFP must be, and hereby is, denied.

B. Prior Litigation - Subject Matter Jurisdiction

In deciding whether to pay the filing fee, as was discussed in plaintiff's prior action, plaintiff is again advised that federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986): Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541. The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and section 1332 provides jurisdiction based on diversity of citizenship. Id. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v.

2

Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

"A plaintiff properly invokes § 1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). Plaintiff's complaint fails to present a federal question. Furthermore, plaintiff does not establish that this Court has diversity jurisdiction over her complaint. Thus, plaintiff is warned that the Court lacks subject matter jurisdiction over her complaint and will dismiss the complaint if plaintiff were to pay the filing fee.

## CONCLUSION

Accordingly, to proceed further, plaintiff must pay the $350 filing fee within 14 days of the entry of this Order. No summons shall issue at this time and all further proceedings shall be stayed for 14 days after the entry of this order or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. If plaintiff pays the filing fee, the complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.                             s/ ENV

                                        ERIC N. VITALIANO
                                        United States District Judge

Dated: February 16, 2013
       Brooklyn, New York

3